```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-23733-CIV-LENARD
                              MAGISTRATE P. A. WHITE

JAMES R. CATON,               :

        Plaintiff,            :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
WARDEN PASTRADA, et al.,      :


        Defendants.           :
_____
```

I. Introduction

The pro-se plaintiff, James R. Caton, a federal prisoner confined at the Federal Correctional Center in Miami, Florida, filed a civil rights complaint pursuant to Bivens v Six Unknown Narcotics Agents, 403 U.S. 388 (1971)("Bivens")[1]. (DE#1) He seeks monetary relief.

The plaintiff alleged that the Warden and officers at the FCC denied him medical aid, and pressured him into pleading guilty in a state case. The plaintiff was ordered to amend his complaint, and

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights.  In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right.  Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.  "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

filed the amended complaint on January 6, 2010. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 4 &7)].

This civil action is before the Court for an initial screening of the plaintiff's amended complaint (DE#8) pursuant to 28 U.S.C. §1915 .

II.  <u>Analysis</u>

A.  <u>Applicable Law for Screening</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by

2

a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985.).  The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See:  Whitehorn, 758 F.2d at 1419 id.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

    B.   <u>Factual Allegations</u>

In the initial complaint the plaintiff alleged that Officer Roche incited other inmates to attack him with ground glass, to pressure him into pleading guilty in a pending state case. He also alleged a denial of medical treatment. He claimed that when Nurse Thomas stopped his medications, neither defendants Roche nor counselors Fultz and Vanbussell came to his aid. Lastly he claimed that Warden Pastrada knew he needed medical help, but was part of a plot to make him sick and to cover for Roche's hate crimes against Blacks.

In his amended complaint (DE#8), the plaintiff re-states his allegations that Officer Roche incited inmates to attack him with ground glass and dried bleach, to pressure him into pleading guilty in case no. 806-cr-116-T-GW, and that Warden Pastrada was aware of Roche's actions. Roche also caused Caton to get into a fight, resulting in injuries. He states that Warden Pastrada was aware of the actions of Nurse Thomas related to his medications, but declined to help him. He alleges infliction of psychological pain.

C. <u>Analysis of Sufficiency of Complaint</u>

The plaintiff claims that he is being pressured by Officer Roche, with the aid of other inmates, to plead guilty in his state case, by attacking him with ground glass and bleach.

To enable the Court to place the plaintiff's claims in context, the Court takes judicial review of other cases filed by this plaintiff. Caton is a psychiatric patient who is suffering from a bi-polar disorder and is on a Danger Alert Watch. In Case No. 09-21945-Civ-Moreno, pending before the Court, Caton claimed that he was provided with psychotropic medication and Lithium, pursuant to a Court Order, and that a nurse at the correctional center allegedly refused to provide him with Lithium. In Caton's second case, 09-23746-Civ-Graham, he claimed that he was refused psychiatric help, and that federal officers collaborated to put pressure on him to obtain a guilty plea in a state court case. He further alleged that one of the officers forced the kitchen staff to poison his food to make him sick. This complaint was dismissed for failure to state a claim on January 15, 2010. Clearly, this patient suffers from severe psychiatric problems, and his claim that Officer Roche incited

5

inmates to attack him with ground glass and bleach so that he would plead guilty in pending state charges appears to be another episode of his psychosis.

As to the plaintiff's attempt to establish a claim of denial of medical treatment, the amended complaint is insufficient. The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

The plaintiff is on a danger alert watch and is obviously being monitored. There is no demonstration of deliberate indifference to his serious medical needs.

6

III. <u>Conclusion</u>

It is therefore recommended that the Amended Complaint (DE#8) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 2nd day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: James Caton, <u>Pro Se</u>
 FCC-Miami
 Address of Record